UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JASON GOODWILL,

                Plaintiff,

v.                                             Case No. 18-cv-1712-PP

KENT HOFFMAN,

                Defendant.

---

**ORDER DIRECTING ADMINISTRATOR OF SHEBOYGAN COUNTY DETENTION CENTER TO FORWARD CERTIFIED COPY OF PLAINTIFF'S SIX-MONTH TRUST ACCOUNT STATEMENT/RESIDENT TRANSACTION DETAIL TO THE COURT WITHIN TWENTY-ONE DAYS**

---

      Plaintiff Jason Goodwill, a pretrial detainee representing himself, filed a civil rights complaint alleging that the defendant violated his constitutional rights. Dkt. No. 1. On December 4, 2018, the court ordered that within twenty-one days, the plaintiff either must pay the $400 filing fee or file a completed petition to proceed without prepaying the filing fee, accompanied by the required six-month trust account statement. Dkt. No. 4 at 3. The court stated that if the plaintiff failed to do one or the other of these things by the deadline the court set, it would dismiss the case for failure to pay the filing fee and failure to comply with the court's order. <u>Id.</u> at 3. On December 6, 2918—well within the deadline the court set—it received from the plaintiff a petition for leave to proceed without prepaying the filing fee. Dkt. No. 6. The plaintiff did not, however, provide the court with his trust account statement. The plaintiff also has filed a Writ of Error in which he asserts that the court's December 4,

1

2018, order "makes false claim that prima facie is evident and obstructive [sic]." Dkt. No. 7 at 1.

In his writ of error, the plaintiff explains why he hasn't submitted a trust account statement. The plaintiff states that the Sheboygan County Detention Center (SCDC), where he is confined, no longer provides copies of records to detainees, which partly explains why he did not file a copy of his trust account statement. Id. The plaintiff also states that the SCDC does not have trust account statements; it has "Resident Transaction Details" statements, but the plaintiff says that under the SCDC's new policy, he cannot get a copy of the that document, so even if the court had requested the proper statement, it would not have made a difference. Id. The plaintiff states that SCDC's administrator denied him a resident transaction details statement because he is indigent. Id. at 2. The plaintiff references other cases he has filed. He also states that this case should be reassigned to Magistrate Judge Jones, because the plaintiff consented to Judge Jones issuing final decisions in the case. Id. at 3.

Based on the plaintiff's assertion that SCDC staff will not give him an account statement, the court will not dismiss the case for failure to submit the statement. See Bell v. Kay, 847 F.3d 866, 868 (7th Cir. 2017). In Bell, the court vacated the dismissal of a prisoner's case for failure to pay the filing fee:

> A district court errs when it dismisses an inmate's suit for nonpayment of a filing fee without determining whether the prisoner is at fault in not supplying what the court required from the inmate's trust account. *Sultan v. Fenoglio*, 775 F.3d 888, 890 (7th Cir. 2015); *Thomas v. Butts*, 745 F.3d 309, 312 (7th Cir. 2014). Prisoners have limited control over their prison trust accounts, and "it is entirely

2

> predictable that the prison will prefer to postpone [an inmate's] ability to pursue litigation against itself." *Sultan*, 775 F.3d at 890; *Thomas*, 745 F.3d at 313. Bell swore that he could not append his account ledger to his otherwise-complete application because prison officials refused to provide it to him. The district court, having noted that explanation, should have assessed its truthfulness, and if truthful the court should have decided whether Bell was at fault for not completing the application.
>
> The district court's later actions did not rectify the error. First, the court never ordered prison officials to provide the ledger, despite Bell's statement that they would not give it to him. The court merely directed its clerk to notify prison officials that Bell wanted the ledger. But the officials presumably knew that already because Bell had requested it. Second, the court incorrectly stated that its warning to file a completed application or face dismissal included a 30–day deadline. Third, the court never addressed Bell's post-dismissal explanation that he never even received the order denying him pauper status and its warning. Without having received the warning and, even if he did, without the warning specifying a deadline, Bell cannot be faulted for missing the deadline. *See Sroga v. Huberman*, 722 F.3d 980, 982–83 (7th Cir. 2013) (reversing dismissal for failure to prosecute where plaintiff explained in postjudgment motion that he did not receive the court's warning in the mail and the court did not explain why it doubted explanation). Dismissal is a harsh sanction and should not occur unless the court concludes that it is necessary because other options have failed or would fail. Thomas, 745 F.3d at 313; *Johnson v. Chi. Bd. of Educ.*, 718 F.3d 731, 732–33 (7th Cir. 2013); *Beyer v. Cormier*, 235 F.3d 1039, 1041 (7th Cir. 2000). The court did not properly reach this conclusion, so the suit must be reinstated.

Bell, 847 F.3d at 868-69.

In Bell, the court of appeals contemplated the district court ordering jail or prison officials to provide the required statement. This court will order the administrator of the SCDC to submit a certified copy of the plaintiff's trust account statement (or Resident Transaction Details statement, or whatever the SCDC calls the records that it keeps of the money inmates receive and spend while they are in custody) within twenty-one days of the date of this order.

3

As to the plaintiff's question about why this court, and not Judge Jones, issued the December 4, 2018 order requiring him to file a trust account statement: As of December 4, 2018, the clerk's office had not received the plaintiff's form consenting to Judge Jones issuing final orders in the case. Under the law, for a magistrate judge to make final decisions in a case, all the parties must consent. If all the parties do not consent, the law requires that a district court judge must issue the final decisions in the case. District court judges have the authority to issue final orders regardless of whether the parties consent. Magistrate judges may issue final orders only if all parties consent.

The court **ORDERS** that the Administrator of the Sheboygan County Detention Center shall forward to the court a certified copy of the plaintiff's six-month (from April to October 2018) resident transaction details statement within twenty-one days of the date of this order.

The court will mail a copy of this order to the Administrator of the Sheboygan County Detention Center, 2923 South 31st Street, Sheboygan, Wisconsin 53081-4612.

Dated in Milwaukee, Wisconsin this 17th day of January, 2019.

                                      **BY THE COURT:**

                                      **HON. PAMELA PEPPER**
                                      **United States District Judge**