UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JASON GOODWILL,

                Plaintiff,

v.                                              Case No. 18-cv-1712-pp

KENT HOFFMAN,

                Defendant.

---

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 6), GRANTING PLAINTIFF'S MOTION TO DISMISS (DKT. NO. 13) AND DISMISSING CASE WITHOUT PREJUDICE**

---

The plaintiff, a pretrial detainee who is representing himself, filed a complaint alleging that the defendant, Judge Kent Hoffman, violated his civil rights. Dkt. No. 1. This decision grants his motion to dismiss. Dkt. No. 13.

**I.   Motion for Leave to Proceed without Prepayment of the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act applies to this case because the plaintiff was confined at the Sheboygan County Detention Center when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his case without prepaying the civil case filing fee, if he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the

balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On January 25, 2019, the court received the plaintiff's six-month transaction statement. Dkt. No. 9. On January 31, 2019, the court ordered that the plaintiff would not be required to pay an initial partial filing fee. Dkt. No. 10. The court also ordered the plaintiff to notify the court by February 22, 2019 whether he wanted to continue with the case. Id. The court indicated that if the plaintiff chose to continue with the case, the court would screen his complaint and decide whether it stated a frivolous claim (such that he would incur a strike and possibly be barred from filing suits in the future). Id.

On February 25, 2019, the court received the plaintiff's notification that he wanted to dismiss this case. Dkt. No. 13. Given that, the court will deny as moot his motion to proceed without prepaying the filing fee. Dkt. No. 2.

## II. Plaintiff's Motion to Dismiss (Dkt. No. 13)

In his motion to dismiss the case, the plaintiff first references a petition for writ of *habeas corpus* he filed in April 2018. Dkt. No. 13 at 1-3. The plaintiff states that as of February 21, 2019, Judge Pepper "refuse[d] to reply" to his request to the clerk's office for the status of that case.[1]

The plaintiff states that after he filed this case in October 2018, the court incorrectly treated him as a state prison inmate by demanding a six-month

---

[1] On March 13, 2019, the court denied the plaintiff's petition for a writ of *habeas corpus* under 28 U.S.C. §2241, denied his motion for default judgment and dismissed the petition without prejudice. Goodwill v. Roesler, Case No. 18-cv-618-pp (E.D. Wis.).

2

"prison trust account." Id. at 3. The plaintiff reiterates that he is not a prisoner, but a pretrial detainee. Id. at 3-4.

Next, the plaintiff states that the court incorrectly treated this case as a civil case when it is a criminal case and argues that under 18 U.S.C. §§4 and 2382, "felony and treasonous acts must be reported in to some judge." Id. at 4. He says the court is erroneously treating the case as a civil suit under 42 U.S.C. §1983. Id.

The plaintiff goes on to describe what he considers to be errors in the court's January 31, 2019 order. Id. He states that the court incorrectly referred to him as a "prisoner," that the court incorrectly stated that the plaintiff "filed" his trust account statement when the court had ordered the Administrator of the Sheboygan County Detention Center to submit the statement, and that the court inaccurately used the word "immediately." Id. at 5.

The plaintiff states that he provided a copy of the grievance he filed regarding defendant Judge Kent Hoffman's crimes.[2] Id. Thus, he says, "Pepper, as judge, is now informed of Hoffman's crimes." Id. He asserts that Judge Pepper is "prejudiced, and providing harbor and safe haven to domestic terrorists, and, in violation of WI Con Art VII, and, acting without authority," and he says that "as Circuit courts from lawful states are taking some actions, and, as retaliation [sic] by Sheboygan places me in mortal jeopardy while the

---

[2] On February 4, 2019, the court received from the plaintiff a fifteen-page handwritten letter dated January 12, 2019 and addressed to "Judicial Commission," complaining about various actions taken by Judge Hoffman. Dkt. No. 11-1. It is not signed.

3

Eastern District Court denies habeas, [he sees] no point in <u>buying</u> meaningless access to the court, only to be dismissed." <u>Id.</u> He clarifies that his opinion "in no way diminishes the merit of [his] claims, nor does it relieve judge Pepper from taking lawful actions against judge Hoffman." <u>Id.</u> at 5-6. He asserts that Wisconsin Supreme Court rules require a judge who receives information about another judge's misconduct to take appropriate action and inform the appropriate authority. <u>Id.</u> at 6. The plaintiff states that "the Judicial Commission notifies me that any federal judge, whom upon being informed of a magistrate judge's criminal misconduct and does not take action, can themselves be reported to the Seventh Circuit court for felony obstruction, abetting, etc." <u>Id.</u> He states that Judge Pepper has an obligation to act regarding Judge Hoffman's crimes, or be criminally charged, and that there is no requirement that a civil suit be filed for this to happen. <u>Id.</u> The plaintiff concludes that he dismisses this case and that he "demands proof of immediate actions by Pepper against Hoffman." <u>Id.</u> He indicates that if he does not receive proof of action by March 11, 2019, he will "assume violation of judicial duty by Pepper and proceed as the U.C. suggests." <u>Id.</u>

      Turning to the grievance against defendant Hoffman that the court received on February 4, 2019, dkt. no. 11-1, it alleges that Judge Hoffman has engaged in misconduct in the plaintiff's state criminal case, <u>State v. Goodwill</u>, Case No. 2016CF628 (Sheboygan County Circuit Court) (accessible at https://wcca.wicourts.gov). Dkt. No. 11-1 at 1-15. That case remains pending; trial is scheduled for March 20-21, 2019. The court addressed this criminal

4

case in its decision dismissing the plaintiff's *habeas* petition. Goodwill, Case No. 18-cv-618-pp (E.D. Wis.).

**III. Discussion**

Although the rules allow the plaintiff to dismiss his case without an order from the court, see Fed. R. Civ. P. 41(a)(1)(A), the court issues this order to address the plaintiff's contention that it is required to take action regarding his allegations against Judge Hoffman.

The plaintiff faults this court for failing to act against Judge Hoffman and he contends that Judge Pepper may be criminally charged for failing to act. The plaintiff cites to two criminal statutes, 18 U.S.C. §4 and 18 U.S.C. §2382. The first statute provides:

> Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

18 U.S.C. §4. This statute prohibits what is known as "misprision of a felony." For Judge Pepper to be guilty of misprision of a felony, she would have to have evidence that Judge Hoffman committed a federal felony. Nothing in the complaint to the Judicial Commission leads the court to believe that Judge Hoffman has committed a federal felony. The letter recounts many things that Judge Hoffman allegedly said at a hearing on August 20, 2018, and explains why the plaintiff believes that these things were unlawful. Dkt. No. 11-1. None of the things the letter alleges constitute federal felonies. And 18 U.S.C. §4 does

not grant citizens a private right of action to sue for misprision of felony; only the federal prosecutor may seek charges under that statute.

The second statute provides:

> Whoever, owing allegiance to the United States and having knowledge of the commission of any treason against them, conceals and does not, as soon as may be, disclose and make known the same to the President or to some judge of the United States, or to the governor or to some judge or justice of a particular State, is guilty of misprision of treason and shall be fined under this title or imprisoned not more than seven years, or both.

18 U.S.C. §2382. For Judge Pepper to be guilty of misprision of treason, she would have to have evidence that Judge Hoffman committed treason. The federal treason statute, 18 U.S.C. §2381, says that anyone who "owing allegiance to the United States, levies war against them or adheres to their enemies, giving them aid and comfort within the United States or elsewhere, is guilty of treason . . . ." Nothing in the letter to the Judicial Commission indicates that Judge Hoffman levied war against the United States, adhered to enemies of the United State, or gave aid and comfort to enemies of the United States. And again, §2382 is a criminal statute; it does not provide a private right of action for plaintiffs. Only a federal prosecutor can bring charges for misprision of treason. Wemple v. Ill. Stat Bar Ass'n Members, Case No. 13-cv-3015, 2013 WL 319509 at *1 (C.D. Ill. Jan. 28, 2013).

This court has no basis to take action on the plaintiff's allegations against Judge Hoffman. The court will dismiss this case, as the plaintiff requests.

The court **DENIES AS MOOT** the plaintiff's motion to proceed without prepaying the filing fee. Dkt. No. 6.

The court **GRANTS** the plaintiff's motion to dismiss. Dkt. No. 13.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**.

Dated in Milwaukee, Wisconsin this 14th day of March, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**